# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

WILLIAM E. HAWKINS                                                                           PETITIONER
*Reg. #00210-025*

V.                                           2:09-cv-00122-WRW-JJV

T. C. OUTLAW                                                                                 RESPONDENT
*Warden, FCI - Forrest City*

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge William R. Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Now before the Court is William E. Hawkins' Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241. Petitioner is currently an inmate in the custody of the Forrest City Low Unit of the Federal Correctional Institution (FCI).

## I. BACKGROUND

Petitioner was arrested on June 13, 1990, in the Southern District of Illinois for conspiracy to distribute cocaine, U.S.D.C. case number 90-30067-01. He was released on bond June 18, 1990, to await trial.

On September 11, 1990, Petitioner was arrested on other drug charges in the Eastern District of Missouri, U.S.D.C. case number 90-0105CR, and held in pretrial custody. Petitioner was convicted in this case of five counts of distribution of cocaine. He was sentenced on March 15, 1991, to 63 months imprisonment, in accordance with the Sentence Reform Act.

While serving this 63-month sentence, Petitioner was transported to the Southern District of Illinois and convicted in case number 90-30067-01. On August 31, 1992, he was sentenced to an aggregated 420-month sentence to run concurrently with the 63-month term imposed in Missouri

on March 15, 1991. (Doc. No. 9, Att. 3). Because one of the charges predated the Sentence Reform Act, the Illinois court sentenced Petitioner separately on that count to 35 years imprisonment.[1] The Illinois court later issued an Amended Judgment in case number 90-30067-01 and reduced Petitioner's 420-month sentence to 383 months. The 35-year sentence in Count Two remained the same in accordance with the "old law."

Petitioner filed the instant habeas petition on August 21, 2009.[2] Hawkins alleges he served pretrial confinement of 741 days, but has only been given 191 days of jail-time credit.[3] He claims entitlement to the remaining 550 days because he spent this time in jail pending the disposition of both cases. (Doc. No. 1 at 2-3).

Respondent argues that Petitioner's sentence has been correctly calculated and he was properly awarded 191 days of jail-time credit; Petitioner is not entitled to the remaining 550 days because he was serving a 63-month sentence and the time was credited against that sentence.

## II. ANALYSIS

Hawkins seeks credit for time served from his date of arrest, September 11, 1990, through the date he was sentenced in case number 90-30067-01, August 31, 1992. BOP authorities have already credited Petitioner with the time from September 11, 1990, to March 15, 1991. Therefore, the question before the Court is whether Petitioner is entitled to credit for the period from March 15,

---

[1]Count Two and the resulting 35-year sentence will be referred to as the "old law" sentence, while all other counts and sentences will be referred to as "new law" sentences.

[2]Petitioner also filed a habeas petition on August 17, 2009, setting forth separate grounds for habeas relief. *See* Case Number 2:09-cv-112-WRW

[3]The Court assumes Petitioner is alleging he is entitled to jail time credit from September 11, 1990, when his bond was revoked, to August 31, 1992, when he was sentenced for the second time. This is a total of 720 days (despite Petitioner's calculation of 741 days).

3

1991, to August 31, 1992.[4]

"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Therefore, Petitioner's sentence in case number 90-0105CR commenced on March 15, 1991,. (Doc. No. 9, Att. 1 at 1). According to his Sentence Monitoring Computation Data, Petitioner was given 191 days of jail-time credit: six days from the date of arrest on June 13, 1990, through the date of release on bond, June 18, 1990 (Doc. No. 9, Att. 1 at 2); and 185 days from the date of re-arrest on September 11, 1990, through the date his sentence commenced on March 15, 1991. (*Id.*).

Petitioner's sentence in case number 90-30067-01 was ordered to run concurrently to the 63-months imprisonment. When multiple terms of imprisonment are ordered to run consecutively or concurrently, they are treated as a single, aggregate term of imprisonment for administrative purposes. 18 U.S.C. § 3584(c). Therefore, Petitioner's two sentences were aggregated to form a single term of 33 years, four months, and 16 days, beginning March 15, 1991.

While Petitioner brings forward an interesting argument, he is simply not entitled to receive jail-time credit for serving the 63-month sentence imposed in case number 90-0105CR, toward sentences in subsequent cases.

It is the responsibility of the BOP, when a prison sentence has been imposed, to determine how much credit an inmate should receive for any time spent in custody before service of the present BOP sentence. *United States v. Wilson*, 503 U.S. 329, 333-35 (1992).[5] This Court determines that

---

[4]The time period from March 15, 1991, to August 31, 1992, is 535 days rather than 550 days.

[5] Prior custody credit is governed by 18 U.S.C. § 3585(b), which provides:
    A defendant shall be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences

the BOP correctly calculated Petitioner's sentence.  In its responses to Petitioner's administrative grievances, the BOP explained to Petitioner that

> Your first sentence commenced on March 15, 1991, the date of imposition. You served only this sentence until August 31, 1992, when your second sentence was imposed. Upon imposition of your second sentence, your two sentences were aggregated to form a single aggregate term of 33 years, four months, and 16 days, commencing on March 15, 1991, the day your first term was imposed.  However, Count Two on Case Number 90-30067-01 could not be aggregated and was computed separately but concurrently, commencing on August 31, 1992, the date of imposition.
>
> Once you were sentenced on March 15, 1991, you were no longer in pre-sentence status, as you began service of your sentence.  All time spent in pre-sentence custody from the date of your arrest on June 13, 1990, through June 18, 1990, and from September 11, 1990, through the day before your first sentence was imposed on March 15, 1991, has been awarded as pre-sentence credit toward your aggregate term, for a total of 191 days.  Additionally, this period was applied toward your 35-year term, as this count could not be aggregated under current policy and was computed separately.

Doc. No. 9, Att. 7, p. 2.

In his reply, Petitioner tries to draw a distinction between his "old law" sentence and his "new law" sentence. He argues the BOP "properly credited 191 days of jail-time credit against the "new law" sentence that was imposed in the Eastern District of Missouri in Case Number 90-0105CR" but failed to credit his "old law" sentence. (Doc. No. 10, p. 2).  However, Petitioner neglects the fact that the BOP also applied the 191 days of jail time credit to his "old law" sentence. *See* Doc. No. 9, Att. 7, p. 2.

The crux of Petitioner's argument is that he "remained in jail during the pendency of the Southern District of Illinois case, Case Number 90-CR-30067-WDS, and remained in jail pending

---

(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
*that has not been credited against another sentence*.
18 U.S.C. § 3585(b) (emphasis added).

5

the resolution of those charges for 550 days." While from a practical standpoint Petitioner was in pretrial custody, in actuality he was in custody serving a federal sentence. Unlike a pretrial detainee, Petitioner's freedom was not withheld because of his pending case. His freedom was withheld because he owed 63 months and, thus, he was not entitled to additional jail credit toward the pending case. He would only get that credit if his options were to be free on bond or held in jail awaiting trial. Here, bond was not an option because he was serving a 63-month sentence.

The Court realizes that, from Petitioner's standpoint, this may seem counterintuitive. However, he simply is not entitled to pretrial credit while he serving a prison sentence.

## III. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1) Mr. Hawkins' Petition (Doc. No. 1) be DISMISSED with prejudice and the relief requested be DENIED.

DATED this 12th day of February, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE